IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DANIEL ANTHONY VANCE                                                                         PLAINTIFF

v.                                         Civil No. 4:21-cv-4059

GINA BUTLER, Jail Administrator, Little River County Jail;
DEPUTY PUMPHREY, Little River County Jail; and
DERRIL ELKINS, Nurse Practitioner Little River County Jail                    DEFENDANTS

**ORDER**

Before the Court is Plaintiff Daniel Anthony Vance's failure to comply with orders of the Court. Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on September 20, 2021. (ECF No. 1). Plaintiff's application to proceed *in forma pauperis* ("IFP") was granted that same day. (ECF No. 3). In response to this Court's order, Plaintiff filed an Amended Complaint on October 13, 2021. (ECF No. 7).

Plaintiff filed this lawsuit while incarcerated in the Pike County Jail. On May 16, 2022, Plaintiff filed a notice of change of address, indicating he had been released from custody and was residing at 1224 Jersey Street, Conway, Arkansas 72032. (ECF No. 19). When a plaintiff is released from confinement, the Court requires resubmission of affidavits to determine whether he should be required to pay all, or a portion of, the fees and costs of the lawsuit. On May 17, 2022, the Court entered an order directing Plaintiff to resubmit an IFP application to reflect his free-world financial status by June 7, 2022. (ECF No. 20). Plaintiff did not respond, and the order has not been returned as undeliverable. On June 9, 2022, the Court ordered Plaintiff to show cause by June 30, 2022, as to why he failed to comply with the Court's order to resubmit an IFP application.

(ECF No. 21). To date, Plaintiff has not responded and the order to show cause has not been returned as undeliverable.

Although *pro se* pleadings must be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

W.D. Ark. Local Rule 5.5(c)(2). Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to comply with two orders of the Court and has failed to prosecute this case. This case should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2). Accordingly, Plaintiff's Amended Complaint (ECF No. 7) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 8th day of July, 2022.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge